**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43971**

| | | |
|---|---|---|
| CANDACE (ANDI) W. ELLIOTT, | ) | 2016 Unpublished Opinion No. 714 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed:  September 30, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BLAIR OLSEN, individually, and in his | ) | THIS IS AN UNPUBLISHED |
| capacity as Jefferson County Sheriff, | ) | OPINION AND SHALL NOT |
| ROBIN DUNN, individually, and in his | ) | BE CITED AS AUTHORITY |
| capacity as Jefferson County Prosecutor, | ) | |
| JOHN CLEMENTS, individually, and in | ) | |
| his capacity as a Jefferson County Deputy, | ) | |
| AMELIA SHEETS, individually, and in | ) | |
| her capacity as Jefferson County Deputy | ) | |
| Prosecutor, JEFFERSON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| JEFFERSON COUNTY and | ) | |
| COMMISSIONERS, Commissioner | ) | |
| GERALD RAYMOND, individually, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County.  Hon. Alan C. Stephens, District Judge.

Judgment granting summary judgment in favor of defendants and dismissal, affirmed.

Candace (Andi) W. Elliott, Hamer, pro se appellant.

Hall, Angell & Starnes, LLP; Blake G. Hall and Sam L. Angell, Idaho Falls, for respondents.

_____

HUSKEY, Judge

Candace W. Elliott appeals from the district court's judgment granting summary judgment on her 42 United States Code § 1983 claim for malicious prosecution in favor of the various named Jefferson County employees (Respondents).  Elliott argues there is sufficient evidence showing a genuine issue of material fact.  Respondents disagree and request attorney

1

fees incurred on appeal. Because Elliott has failed to show a genuine issue of material fact, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Elliott alleges multiple incidents in the fact section of her brief that are irrelevant to the present case because they pertain to claims barred by the statute of limitations. Therefore, the only relevant facts are as follows. On July 24, 2011, Elliott received a call from another citizen asking her to investigate horses in poor condition. In her deposition, Elliott testified, "I drove down the road and saw these thin horses. And I got out and took pictures of them. I was on the public roadway the whole time as was the car." While Elliott was taking pictures of the horses, a neighbor called in a trespass complaint to the Jefferson County Sheriff's Office against Elliott for being on his property without permission. Elliott had previously been warned not to trespass on the same property on April 20, 2011.

While Deputy Clements was en route to investigate the trespass complaint, Elliott called in a report to the Jefferson County Sheriff's Office requesting a welfare check on the horses. Deputy Clements was assigned to respond to both complaints. Deputy Clements responded first to the neighbor's trespass complaint. He conducted a standard investigation and received witness statements from the neighbor and the neighbor's daughter. The neighbor's witness statement read:

> My Daughter Notified me of a white car Driving by slowing by my pasture and my house turning around and looking back into my coralls, she (Andi Elliott) then exited the car with a camera, walking in front of my house taking pictures of Dan Murdocks House and Horses, she then parked the car right in front of my house which is on my property. She then called the JCSO on her cell phone and told them their was animal abuse. I heard the whole conversation. They then continued down the road and Parked by my back gate continuing to take pictures, she then crossed on to the barrow pit and entered her car and left. They took pictures of me the whole time this was going on.

(Errors in the original.) After the investigation, Deputy Clements filled out a probable cause affidavit. In that affidavit, Deputy Clements stated:

> 6. I believe that there is probable cause to believe that [Elliott] committed [trespass] because of the following facts . . . : On 07-24-2011 at approximately 13:37 Hrs dispatch advised me of a trespass at 1998 N 2500 E in Jefferson County, Idaho. While I was enroute to 1998 N 2500 E dispatch advised me that Candace White Elliott aka (Andi Elliott) called reporting animal abuse at 1995 N 2500 E. On my arrival at 1998 N 2500 E I met with Kurt F. Young. Kurt

2

said that Candace W Elliott had been on his property taking photo's of his neighbor Dan Murdoch's property and animals. Kurt said he had trespassed Candace from his property and he wanted her charged with trespassing and disturbing the peace. Kurt said Candace had been on his property not on the roadway. I spoke with Klurissa Young. Klurissa said she saw Candace out of her vehicle on the property taking photos and driving by the home several times. Kurt said he had photos of Candace. Kurt provided the photos to me.

7. I checked the Sheriff's Office records and found that I had trespassed Candace from Kurt's property on 04-20-2011 at Kurt's request.

After completing his investigation, Deputy Clements turned all of the information over to the Jefferson County Prosecutor's Office. Robin Dunn, the elected prosecutor for Jefferson County at the time, assigned the case to Amelia Sheets. Sheets made the charging decision to issue a criminal complaint for trespass against Elliott. Elliott was acquitted of the charge following a bench trial.

Following the acquittal, on September 16, 2014, Elliott filed a § 1983 claim against the named Respondents alleging: (1) malicious prosecution; (2) abuse of power; (3) violations of Article I, Section 9 of the Idaho Constitution; (4) violations of civil rights pursuant to § 1983; (5) a *Monell*[1] claim for county and municipality liability pursuant to § 1983; and (6) *respondeat superior*.

Respondents filed a motion to dismiss all state claims pursuant to Idaho Code § 6-610 based on Elliott's failure to submit bond prior to initiating trial. After a hearing, the district court granted Respondents' motion and dismissed all state law claims against all Respondents except Commissioner Raymond. The Respondents then filed a motion for summary judgment on the remaining § 1983 claims against all Respondents as well as the state malicious prosecution claim against Commissioner Raymond. The district court granted summary judgment. As to the § 1983 claims against the Respondents' in their individual capacities, the district court found the Respondents were immune from any suit for damages because they acted within the scope of their discretion. As to the § 1983 claims for the Respondents in their official capacities, the district court separately addressed each Respondent. For Deputy Clements, the district court found:

Since the only allegation against Deputy Clements was that he lied on his Probable Cause Affidavit, and that allegation is not backed by any evidence, [Elliott] has provided no evidence that Deputy Clements acted outside his

---

[1] *See Monell v. City of New York Dept. of Social Services*, 436 U.S. 658 (1978).

3

discretion or that he provided false information to the Jefferson County Prosecutors.

[Elliott] has failed to anchor her case against Deputy John Clements in something more than speculation and the evidence supporting her case does not amount to more than a scintilla. The Court finds that [Elliott] has failed to "set forth by affidavit specific facts showing there is a genuine issue for trial." Therefore, her claims against [Deputy Clements] cannot survive summary judgment.

(Citations omitted.) For the Jefferson County Sheriff's Department and former Sheriff Olsen, the district court found there was no evidence submitted to show a genuine issue for trial. For prosecutors Robin Dunn and Amelia Sheets, the district court found there was no genuine issue of material fact because Elliott failed to provide evidence showing the prosecutors had evidence contradicting the probable cause affidavit or the witness statements. Finally, the district court found Elliott failed to provide any evidence of an "unwritten policy intended to silence her" and therefore, Elliott's claims against Jefferson County, the Jefferson County Commissioners, and Commissioner Raymond were nothing more than speculation. Thus, the district court granted summary judgment and dismissed Elliott's complaint with prejudice. Elliott timely appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses, or

4

affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

### A.    The District Court Did Not Err in Granting Summary Judgment

Elliott's single issue on appeal is that the district court erred in granting summary judgment in favor of Respondents. She asserts six reasons why the district court erred: (1) the district court disregarded the "continuing nature of the repeated prosecutions of [Elliott] by the [Respondents]"; (2) the district court disregarded "documentation that the Prosecutors were not 'disinterested' prosecutors and had an admitted friendship with the State's witness"; (3) the district court erred in its findings of fact; (4) the district court granted summary judgment before Elliott's scheduled deposition of Respondents; (5) the district court did not consider the Respondents' "prior interactions with [Elliott]" and did not examine Respondents' "motives for the repeated and baseless prosecutions"; and (6) summary judgment did not allow Elliott to "show the bias and animus of [Respondents] toward [Elliott] through [their] own statements and also through circumstantial evidence."

Preliminarily, this Court does not consider an issue that is not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010).

Where an appellant fails to assert her assignments of error with particularity and to support the position with sufficient authority, those assignments of error are too indefinite to be

heard by the court. *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 991 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

Elliott argues a review of the record shows there was sufficient evidence to overcome summary judgment; Elliott's claims lack particularity, argument, and authority. Elliott's first and fifth claims are that the district court erred in "disregarding the continuing nature of the repeated prosecutions of [Elliott] by the [Respondents]," and not considering the Respondents' "prior interactions" and "motives for the repeated and baseless prosecutions." Elliott argues, "[h]ad the Court not refused to consider the history of actions and multiple malicious prosecutions of [Elliott] by [Respondents] as already discussed . . . it would have been clear that [Elliott] had ample evidence . . . to overcome summary judgment." As the district court explained in its order granting summary judgment, the statute of limitations had run for any claim occurring before 2011. Because any evidence related to conduct occurring prior to 2011 was time-barred, the district court could not review any evidence related to events occurring prior to 2011. Thus, in its order granting summary judgment, the district court only relied upon evidence properly before it.

On appeal, although Elliott provides authority for the introduction and relevancy of evidence, she provides no argument or authority as to the legal basis for the district court to review evidence related to claims barred by the statute of limitations. As such, we are unable to review Elliott's first and fifth claims of error. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

In Elliott's second, third, fourth, and sixth claims, she asserts the district court should have reviewed evidence that the prosecutors were not "disinterested," the district court erred in its findings of fact, the district court should not have granted summary judgment before Elliott's scheduled deposition of Respondents, and the district court erred in not allowing Elliott to show the Respondents' "bias and animus." However, Elliott provides no relevant facts, argument, or

authority supporting these claims. As such, we are unable to review Elliott's remaining claims of error. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970.

Elliott has neither shown the district court erred in any one of the six methods claimed, nor provided any additional relevant evidence that the district court failed to consider. Although Elliott claims sufficient evidence exists in the record, she failed to assert an assignment of error with particularity, argument, and authority. This Court will not search a trial record for unspecified errors. *See id.*; *State v. Fortin*, 124 Idaho 323, 327, 859 P.2d 359, 363 (Ct. App. 1993). Thus, Elliott has failed to show the district court erred in granting summary judgment in favor of Respondents.

**B.      Attorney Fees**

Respondents argue they are entitled to attorney fees and costs under I.C. § 12-117 because Elliott acted unreasonably in bringing this appeal. Respondents also seek attorney fees under I.C. § 6-918A, contending Elliott was "guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Because Elliott attempted to raise claims regarding the sufficiency of evidence to oppose summary judgment, we cannot say she brought this appeal frivolously, unreasonably, or without foundation. Thus, Respondents are not entitled to attorney fees on appeal. However, as the prevailing part, Respondents are entitled to costs.

## IV.

## CONCLUSION

Elliott's claims on appeal will not be considered by this Court because Elliott has failed to support them with relevant argument and authority. Therefore, we affirm the district court. Because Elliott's claims were not brought frivolously, unreasonably, or without foundation, Respondents are not entitled to attorney fees on appeal. Costs on appeal are awarded to Respondents.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.